**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4400

PAUL JONES FRANCIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-98-77)

Submitted: May 25, 2000

Decided: June 6, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark T. Williams, WILLIAMS, MORRISON, LIGHT & MOREAU,
Danville, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Jones Francis pled guilty to a cocaine, cocaine base, and marijuana conspiracy. Although Francis's guideline range was 57-71 months, he was subject to a statutorily required minimum sentence of 120 months. Based upon his substantial assistance, the Government filed a motion for downward departure from the statutorily required minimum sentence, see 18 U.S.C.A. § 3553(e) (West Supp. 2000), and from the guideline sentence, see U.S. Sentencing Guidelines Manual § 5K1.1 (1998). The district court granted the motion and sentenced Francis to 100 months.

On appeal, Francis asserts that, because the district court granted the Government's motion under § 3553(e), he was no longer subject to a statutorily required minimum sentence. Accordingly, Francis contends that the starting point for the § 5K1.1 departure should have been 57 months, the low end of the otherwise applicable guideline range. Thus, Francis argues that the district court's sentence of 100 months was an upward departure that was unsupported by the district court's findings.

Our recent decision in United States v. Pillow, 191 F.3d 403 (4th Cir. 1999), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3534 (U.S. Feb. 22, 2000) (No. 99-7727), forecloses Francis's argument. In Pillow, we found that § 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence. Because Francis remained subject to the statutorily required 120 months, the district court properly used 120 months as the starting point for calculating the downward departure pursuant to § 5K1.1. See id. at 407-08; see also USSG § 5G1.1(b) (when statutory minimum is greater than the maximum of the applicable guideline range, statutory minimum shall be the guideline sentence).

Accordingly, we affirm Francis's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
AFFIRMED

00000<ss2,BF> 00000<ss3,RO> 00000<ss4,BF> 00000<ss5,RO> 00000<ss6,RO> 00000<ss7,IT> 00000<ss8,RO> 00000<ss9,RO> 01980<ss10,BF> 00000<ss11,RO> 00000<ss12,RO> 00000<ss13,BF> 00000